IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA VIVAR, § | | |
| Plaintiff, | | |
| | | |
| V. § | CIVIL ACTION NO. 4:18-cv-3060 | |
| | | |
| BENJAMIN'S BEHAVIORAL HEALTH | | |
| SERVICES, PLLC, and CARLOS | | |
| BENJAMIN VARGAS, | | |
| Defendants. § | JURY DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Brenda Vivar ("Plaintiff"), by Defendants Benjamin's Behavioral Health Service, PLLC (BBHS) and Carlos Benjamin Vargas ("Vargas.")

**Parties**

1. Plaintiff Brenda Vivar ("Vivar"), former employee of Defendant, was personally engaged in interstate commerce during her employment with the Defendant, and is represented by the undersigned.

2. Defendant Benjamin's Behavioral Health Service, PLLC ("BBHS") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff, BBHS is subject to the provisions of the FLSA. BBHS was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. BBHS may be served through its registered agent, Carlos B. Vargas at 9701 Richmond Avenue, Suite 210, Houston, TX 77042, or wherever he may be found.

3.      Defendant Carlos Benjamin Vargas is an individual resident of the State of Texas and an "employer" as defined by the FLSA. With respect to the plaintiff, Vargas determined the rate of pay, time of work, scope of work, and supervised Ms. Vivar at all times as owner and operator of BBHS. Dr. Vargas is an employer as defined by the FLSA and was at all relevant times engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Dr. Vargas may be served at his address 9701 Richmond Avenue, Suite 210, Houston, TX 77042, or wherever he may be found.

## Jurisdiction and Venue

4.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

## Factual Allegations

6.      During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7.      During each of the three years prior to this complaint being filed, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

8.      At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and the work was essential to Defendants' business.

9.      During each of the three years prior to this complaint being filed, Defendants

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

11. Plaintiff Brenda Vivar worked for Defendants as a billing administrator from August of 2015 to August 17, 2018. Ms. Vivar's duties included, but were not limited to, interviewing new job candidates, training new employees, supervising medical team, billing and collections, scheduling patients, requesting medical records, notarizing forms, filing, faxing, answering phones, online and brochure marketing and going to other practices to market the practice for the facility.

12. At all times, Defendants paid Plaintiff hourly or via commission. Plaintiff was never paid on a salary basis.

13. Defendants specifically and illegally modified the number of hours Plaintiff worked while being paid hourly in order to bring Plaintiff below 40 hours per week.

14. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee within any exemption. Plaintiff did not have the power to hire and/or fire employees and was not given the functional judgment or allowed to utilize her judgment in a manner which would affect the ultimate business.

15. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA. Defendants in fact took actions in direct and serious violation of the FLSA by modifying the Plaintiff's time records.

16. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

17. Specifically, Defendants, their agents and employees, modified Plaintiff's time sheets and official records to remove time and to make certain that the time reported by Plaintiff

and paid for by Defendants did not exceed 40 hours in any given work week.

### **Plaintiff's Individual Allegations**

18.     As a non-exempt employee, Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed over forty (40) hours in each workweek.  Defendants failed to pay the Plaintiff the required overtime premium in nearly every workweek that the Plaintiff was employed by Defendant, as the Plaintiff worked in excess of 40 hours in almost every week they worked for the Defendant.  Plaintiff was initially paid hourly and the hours were changed to make certain that more than 40 hours was never reported.  Specifically, Plaintiff's supervisor modified the hours on at least one and possibly more time sheets and noted that the hours would now be "80" so no overtime was permitted.

19.     Defendants later decided that Plaintiff would not be paid an hourly rate and that Plaintiff would be paid based upon a percentage of collections that were made for the client during the relevant time period.  Initially, Plaintiff offered 9 percent of collections because she was thinking that the extra percent would be withholding or other tax payments required by federal or state governments.

20.     Defendants decided that the rate would be 7 percent of the collections, but then, as time went by, Defendants changed what would be counted as collected.  Specifically, Defendants decided that cash payments from walk-ins was not a collection and therefore would be excluded from the calculation.  Defendants justified these actions and told Plaintiff that other types of payments would be eliminated as well.  Such actions decreased the pool of money available for potential commission payments to Plaintiff.

21.     Regardless of the commission pay level, Defendants continued to violate the FLSA by refusing to pay whatever rate would apply to Plaintiff as time and one half when her

hours exceeded 40.

22.     No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendants have not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff, including but not limited to modifying the employment records to change Plaintiff's actual time spent to less in order to avoid paying overtime.  Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

23.     Plaintiff adopts and repeats all previous averments of fact in this her cause of action.

24.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

25.     Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

26.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

27.     Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff prays that the defendants be cited and required to answer and that upon trial of this case that Plaintiff be awarded:

5

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF BRENDA VIVAR**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF BRENDA VIVAR**